IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NOS. 1:01-CR-191** |
| | : | **1:06-CR-145** |
| | : | **1:06-CR-147** |
| **v.** | : | **1:06-CR-203** |
| | : | **1:06-CR-228** |
| | : | |
| **CLAYTON LEE WAAGNER** | : | **(Judge Rambo)** |

# **MEMORANDUM**

## **I.   Background**

Before the court is a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 18)[1] by Petitioner Clayton Lee Waagner. Waagner was initially indicted for bank robbery in the Middle District of Pennsylvania on June 6, 2001. Due to other charges and trials in other jurisdictions, Waagner was not returned to the Middle District of Pennsylvania until 2005. James V. Wade, Esquire, the Chief Federal Public Defender for the Middle District of Pennsylvania, was appointed to represent Waagner on August 29, 2005.

Prior to the formal appointment of Mr. Wade as counsel for Waagner, Mr. Wade and Assistant United States Attorney Martin Carlson, with the consent of Waagner, drafted a binding plea agreement in which Waagner would plead guilty to the charges in the Middle District of Pennsylvania as well as charges to be transferred to the Middle District of Pennsylvania from the federal courts of the District of Mississippi, the Eastern District of Tennessee, the District of West Virginia, and the Western District of Tennessee. Pursuant to this plea agreement, he

---

[1] Unless otherwise identified, document numbers cited throughout this memorandum pertain to case number 1:01-CR-191.

would receive a term of imprisonment of 400 months. Waagner signed the plea agreement and entered pleas of guilty on December 12, 2006 (Doc. 12). Waagner was sentenced on the same date. Judgment was entered on December 14, 2006 (Doc. 15). Waagner did not take a direct appeal.

**II.** **Discussion**

This court will conduct a preliminary examination of the petition pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings to determine if Waagner is entitled to relief, prior to directing service of the petition. The petition sets forth the following claims: (1) denial of right to counsel;[2] (2) that Waagner was erroneously sentenced as an armed career criminal; (3) that 18 U.S.C. § 924(e) is unconstitutional; and (4) actual innocence. These claims, except for the actual innocence claim, will not be addressed because this court is without jurisdiction to do so.

**A.** **Binding Plea Agreement - Waiver**

Waagner has waived his right to appeal under 28 U.S.C. § 2255 pursuant to the binding plea agreement. The plea agreement in this case was entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). (Doc. 5, ¶ 12.) In that agreement, the government and Waagner stipulated and agreed to the offense level, the criminal history category, and sentence. That agreement states that Waagner "voluntarily and expressly waives all rights to appeal the defendant's

---

[2] This court entered an order appointing Chief Public Defender James V. Wade to represent Waagner on August 29, 2005 (Doc. 4). Mr. Wade negotiated the plea agreement on behalf of Waagner (Doc. 5), and Waagner's signature appears on page 7 of that plea agreement. Mr. Wade was also present at the plea and sentencing hearing at which time Waagner expressed his satisfaction with his counsel. (Doc. 11 (Minute Sheet of Guilty Plea and Sentencing Proceeding).)

conviction, sentence, or any other matter relating to this prosecution." (Doc. 5, ¶ 14.) Paragraph 14(b) provides that Waagner could file a direct appeal "but may raise only claims that the defendant's sentence on any count of conviction exceeds the statutory maximum." As stated earlier, Waagner did not take a direct appeal.

At the combined plea and sentencing proceeding, Waagner was sworn in and questioned by the court. He was advised of his rights, the potential maximum sentences, his understanding of the plea agreement, and gave acknowledgment of his signature to the plea agreement. Waagner has voluntarily waived his right to appeal.

### B. Timeliness of Appeal

Waagner waived his right to appeal and the appeal is otherwise late. Waagner was sentenced on December 12, 2006 and judgment was entered on December 14, 2006. He had until December 28, 2006 to file a notice of appeal. Waagner had one year from December 28, 2006 to file for relief pursuant to 28 U.S.C. § 2255(f)(1). Over eight years have expired from the time he should have filed his § 2255 petition. The petition is, therefore, untimely.

Waagner claims that his petition is timely under 28 U.S.C. § 2255(g)(3), i.e. "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." He cites in support of this the case of *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013). *Descamps* addressed the issue that, when determining whether a post conviction is for a violent felony, including burglary, arson, or extortion, within the meaning of the Armed Career Criminal Act, courts should use the "categorical approach" under which they compare the elements of the statute forming the basis of the defendant's conviction with the offense as commonly understood; the prior conviction qualifies as an Armed

Career Criminal Act predicate only if the statute's elements are the same as or narrower than, those of the generic offense. *Id.* at 2279.

Waagner has not cited as to how his Armed Career Criminal Act prior offenses did not meet this test. Waagner was charged, in part, as follows: In case number 1:06-CR-145, Count 3 charged a violation of 18 U.S.C. § 922(g)(1); in case number 1:06-CR-147, Count 2 charged a violation of 18 U.S.C. § 922(g)(2); in case number 1:06-CR-228, Count 2 charged a violation of 18 U.S.C. § 922(g)(1). An individual who violates 18 U.S.C. § 922(g) is subject to punishment under 18 U.S.C. § 924(e), provided that the defendant has had three previous convictions for a violent felony or drug offense or both.

A violent felony is defined under 18 U.S.C. § 924(e)(2)(B) as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
> 　(I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> 　(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents serious potential risk of physical injury to another.

United States Sentencing Guideline § 4B1.4(a) classifies a defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) as an armed career criminal. The issue disputed by Waagner is that his criminal history does not meet the violent felony provision.

A review of Waagner's criminal history[3] shows that the following convictions meet the qualifications for a crime of violence:

---

[3] Presentence Investigation Report beginning at ¶ 71.

| | |
|---|---|
| 03/09/1975 | Statutory Burglary |
| 07/29/1978 | Aggravated Burglary |
| 11/29/1978 | Burglary (2 counts) |
| 06/19/1979 | Aggravated Burglary |
| 09/02/1991 | Attempted Robbery[4] |
| 12/05/2001 | Escape[5] |
| 12/05/2001 | Threatening, Use of a Weapon of Mass Destruction (5 counts); Threatening Interstate Communications (7 counts) |

All of the above qualify as crimes of violence. Under U.S. S.G. § 4B1.2 – Definition of Terms Used in Section 4B1.1 – burglary of a dwelling is listed as a crime of violence (U.S.S.G.§ 4B1.2 (a)(2)). All of the burglaries involved residences. The attempted robbery involved the use or threatened use of force (U.S.S.G. § 4B1.2(a)(1)). Thus, Waagner's claim that the aforesaid convictions are not proper predicate offenses and do not meet the categorical approach in assessing the elements of the prior convictions is without merit.

### C. Actual Innocence

Waagner cites to *McQuiggen v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924 (2013), for the proposition that the late filing of his § 2255 petition is excused based on his actual innocence. "Actual innocence, if proved, serves as a gateway through which a petition may pass whether the impediment is a procedural bar . . . or, . . . expiration of the statute of limitations." *Id.* at 1927. "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial

---

[4] United States Sentencing Guideline 4B1.2, application note 1: "a crime of violence includes attempting to commit such an offense."

[5] This escape was from a jail and required days of calculation and planning. This court does not believe *Chambers v. Untied States*, 129 S. Ct. 687 (2009), applies to this escape.

was free of nonharmless constitutional error.' " *Id.* at 1937 (*citing Schlup v. Delo*, 513 U.S. 218, 316 (2006).

The only alleged bases for not filing an earlier petition is an allegation that he had a mental illness – "he was under the control of his diagnosed delusion of being 'God's Warrior.' " (Doc. 18, p. 26.)  While this excuse may have some bearing on his attacks on abortion clinics, it does not meet the burden to show actual innocence of the crimes to which he pled before this court as required by *Schlup*.

During the plea colloquy hearing, the assistant United States attorney set forth the facts surrounding the charges and Waagner was questioned by the court. Waagner's answers to those questions confirmed his involvement in the crimes charged.  There is nothing before this court that supports Waagner's claim of innocence as to the charges to which he pled.

**III.**     **Conclusion**

For the foregoing reasons, the petition will be denied as untimely, leaving this court without jurisdiction and, otherwise, as frivolous.  An appropriate order will be issued.

                                        s/Sylvia H. Rambo
                                      United States District Judge

Dated: February 14, 2014.